IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

BILL JONES                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:24-CV-15-SA-RP

THOMPSON MACHINERY COMMERCE CORP.;
STATE FARM FIRE AND CASUALTY COMPANY                                          DEFENDANTS

ORDER AND MEMORANDUM OPINION

Bill Jones initiated this civil action against Thompson Machinery Commerce Corporation on June 14, 2023. His Complaint was initially filed in the Circuit Court of Hinds County, Mississippi and later removed to the United States District Court for the Southern District of Mississippi on diversity grounds. On January 11, 2024, the Southern District of Mississippi granted Thompson Machinery's unopposed Motion to Change Venue and transferred the action to this Court. *See* [7]. On October 2, 2024, Jones filed an Amended Complaint [40], adding State Farm Fire and Casualty Company as a defendant. There are several pending motions before the Court. *See* [49, 53, 65]. The Court will walk through the lengthy history in this case before addressing the Motions [49, 53, 65].

*Relevant Factual and Procedural Background*

The Amended Complaint [40] alleges that Jones rented a Cat 279D3 Skid Steer with a brush cutter from Thompson Machinery on or about October 26, 2022. According to the Amended Complaint [40], "[w]hen Plaintiff first operated the machine, it would overheat. Also, if the brush cutter was not titled [sic] up or down, the front door would not open. Finally, the emergency latches would become loose." [40] at p. 2.

In short, the Amended Complaint [40] asserts that Jones had issues with the machine on October 28, 2022; November 3, 2022; and November 9 and 16, 2023.[1] The issues primarily related to overheating, the emergency latch, and the machine's track coming out of its groove. The Amended Complaint [40] alleges that on each occasion, Thompson Machinery dispatched a serviceman to correct the issues.

Per the Amended Complaint [40], on November 23, 2023, Jones was operating the machine when the cabin began to fill up with smoke. The Amended Complaint [40] alleges that Jones saw flames behind him and tried to open the door, but it would not open. Jones then attempted to use the recently repaired emergency handle, but the door still would not open. Thus, according to the Amended Complaint [40], Jones kicked the door open and escaped the machine. The parties agree that the machine was destroyed by the fire and is a total loss.

The Amended Complaint [40] alleges that Thompson Machinery thereafter filed a claim with State Farm, Jones' insurer. State Farm issued Jones a check in the amount of $63,097.00. Jones objected to State Farm paying Thompson Machinery's claim. Jones further requested that State Farm issue the check directly to Thompson Machinery if it determined that the claim was valid. State Farm allegedly responded that the machine was not covered under the liability portion of the policy but instead under Jones' first-party coverage for "accidental direct physical loss to equipment leased." *Id.* at p. 3.

Against Thompson Machinery, the Amended Complaint [40] brings claims for breach of contract, tortious breach of contract, and negligence/gross negligence. Against State Farm, the

---

[1] The Court notes that the dates alleged in the Amended Complaint [40] appear to contain typographical errors. Specifically, the Amended Complaint [40] alleges that the machine caught on fire in November 2023, but Jones' Complaint was filed in Circuit Court in June 2023. In any event, the Court has provided the dates as they are listed in the Amended Complaint [40], and the parties raise no arguments that turn on the date of injury.

2

Amended Complaint [40] seeks a declaratory judgment "that (1) [Jones] can reject Defendant Thompson's claim with State Farm, (2) keep the money from Thompson's claim with State Farm, (3) require a release from Defendant Thompson without interfering with its claim, or (4) deny Thompson's claim with State Farm." *Id.* at p. 5.

On October 16, 2024, Thompson Machinery filed a Counterclaim [45] against Jones for negligence and breach of contract. The Counterclaim [45] asserts that the machine malfunctioned due to Jones' failure to use it in a reasonable and prudent manner. Thompson Machinery has also filed a Motion for Leave [53] to file a crossclaim against State Farm. The Motion [53] asserts that Thompson Machinery was listed as an additional insured on Jones' personal property insurance policy with State Farm. Thus, as owner of the machine and additional insured on the policy, Thompson Machinery requests leave to file a crossclaim for breach of contract.[2] State Farm opposes the Motion [53]. *See* [67].

For its part, State Farm has filed a Motion to Dismiss [49] Jones' claim for declaratory relief. State Farm has additionally filed a Motion for Interpleader Deposit [65] wherein it requests to deposit the contested insurance proceeds into the registry of the Court and be dismissed from the action. Jones and Thompson Machinery do not object to State Farm's request to deposit the funds, but they do object to State Farm's request for dismissal.

As it is dispositive, the Court will begin with State Farm's Motion for Interpleader Deposit [65].

*Analysis and Discussion*

"There are two types of interpleader: rule interpleader pursuant to Fed. R. Civ. P. 22 and statutory interpleader under 28 U.S.C. § 1335. They differ in jurisdictional requirements but not

---

[2] Jones has filed a Response in Support [63] of Thompson Machinery's Motion for Leave [53] to file a crossclaim.

in substance." *Auto Parts Mfg. Miss., Inc. v. King Constr. of Hous., L.L.C.*, 782 F.3d 186, 192 (5th Cir. 2015).

"An interpleader action typically involves two stages. In the first stage, the district court decides whether the requirements for rule or statutory interpleader action have been met by determining if there is a single fund at issue and whether there are adverse claimants to that fund." *Rhoades v. Casey*, 196 F.3d 592, 600 (5th Cir. 1999) (citation omitted). If the requirements are met, "[a] court considers the merits of the claimants' claims to the fund and the proper distribution of the fund[.]" *Auto Parts Mfg. Miss.*, 782 F.3d at 193.

The purpose of interpleader as a procedural device is "to shield a stakeholder. . . from liability when faced with the threat of multiple inconsistent claims to a single fund by allowing the stakeholder to tender that fund to the court in lieu of defending against multiple possible lawsuits." *Tittle v. Enron, Corp.*, 463 F.3d 410, 423 (5th Cir. 2006) (citing *Rhoades*, 196 F.3d at 600 n. 8).

Here, the parties agree that there is a single fund at issue—the insurance proceeds for the loss of the skid steer. The parties further agree that there are two adverse claimants with mutually exclusive claims to the fund—Jones wishes to keep the check; Thompson Machinery seeks payment as the owner of the machine and State Farm's additional insured. *See White v. F.D.I.C.*, 19 F.3d 249, 251 (5th Cir. 1994) (explaining that interpleader allows a person "to join in a single suit two or more persons asserting *mutually exclusive claims* to the fund") (emphasis added). Having admitted that it is liable for the loss of the skid steer, State Farm is a disinterested stakeholder requesting to tender the insurance proceeds to the Court in lieu of defending against multiple claims to the funds. *See Auto Parts Mfg. Miss.*, 782 F.3d at 193 (holding that "[t]he district court was well within its discretion to protect APMN—a disinterested stakeholder—from other suits seeking the interpleader funds"). The Court finds that the requirements of interpleader have

4

been satisfied. *See, e.g., Berry v. Banner Life Ins. Co.*, 718 F. App'x 259, 263 (5th Cir. 2018) (where two claimants sought life insurance proceeds, court affirmed grant of motion for interpleader and discharge of insurer after funds were tendered).

As noted, Jones and Thompson Machinery do not oppose State Farm's request to deposit the funds into the registry of the Court, but they do oppose the discharge of State Farm. First, they contend that a motion to dismiss, not a motion for interpleader, is the appropriate procedural mechanism to seek dismissal. This argument is easily rejected. "Once a district court concludes that the requirements for interpleader have been met, it may discharge the plaintiff-stakeholder if the stakeholder is a disinterested party willing to tender the disputed funds." *Id.* (citing *Auto Parts Mfg. Miss.*, 782 F.3d at 195).

Second, Jones and Thompson Machinery argue that "State Farm's continued involvement in the case is necessary to adjudicate Plaintiff's claims for declaratory relief and determine coverage obligations." [74] at p. 2.[3] They argue that State Farm has taken inconsistent positions regarding coverage under the policy and that State Farm is a necessary party for policy interpretation purposes. The Response [73] attaches an email from State Farm indicating that it tendered the $63,097.00 check pursuant to Jones' first-party, "Business Personal Property" coverage. *See* [73], Ex. 2 at p. 1. A subsequent letter from State Farm indicates that it denied Jones coverage for Thompson Machinery's counterclaim against him because his business liability coverage excludes damage to property rented by the insured. *See* [73], Ex. 3 at p. 3. The Court sees no inconsistency in the position that the damages are covered under the first-party coverage but not the liability coverage.

---

[3] To be clear, Jones filed a Response [73] to State Farm's Motion for Interpleader Deposit [65]. Thompson Machinery joined in that Response [73]. *See* [75].

Moreover, Jones and Thompson Machinery confusingly argue that State Farm's position that Jones fails to state a claim for declaratory relief is inconsistent with its position that both Jones and Thomson Machinery have first-party coverage. State Farm responds that Jones' purported request for declaratory relief (wherein he requests to retain the check and deny Thompson Machinery's claim) is simply a fund allocation request and not a request for a declaration that State Farm owes a duty to defend or indemnify Jones under the policy's liability coverage. State Farm emphasizes that it has acknowledged that first-party coverage exists. Thus, it argues that no determination of coverage is necessary, and it has no interest in the way the funds are allocated.

In the Court's view, Jones primarily takes issue with State Farm's position that this event is not covered under the liability portion of his policy. But as State Farm has pointed out, Jones' Amended Complaint [40] seeks no declaratory relief related to the liability policy or State Farm's duty to defend and indemnify him against Thompson Machinery's Counterclaim [45] against him. Jones' Response [73] to the Motion for Interpleader Deposit [65] is not the proper vehicle to amend his request for declaratory relief. *See* L. U. CIV. R. (3)(C) ("Any motion must be an item docketed separately from a response.")

The issue here is straightforward. State Farm admits that it is liable for the loss of the machine. Jones and Thompson Machinery dispute who should receive the funds. The requirements of interpleader are satisfied. State Farm will be dismissed upon depositing the funds into the registry of the Court.

*Conclusion*

For the reasons set forth above, State Farm's Motion for Interpleader Deposit [65] is GRANTED. State Farm is directed to deposit $64,097.00 into the registry of the Court within 30 days of the entry of this Order. [4]

Upon depositing the $64,097.00, the Court will dismiss State Farm *without prejudice*.

In light of the anticipated dismissal of State Farm, State Farm's Motion to Dismiss [49] and Thompson Machinery's Motion for Leave to File Crossclaim [53] are DENIED as moot. [5]

SO ORDERED, this the 11th day of February, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[4] In its Motion for Interpleader Deposit [65], State Farm asserts that the parties agree that "$63,097.00 is the correct amount of indemnity owed under the insurance policy." [66] at p. 6. In its Motion [53], Thompson Machinery alleges that $64,097.00 is the correct amount owed. Out of an abundance of caution, the Court accepts the amount alleged by Thompson Machinery.

[5] The Court again notes that Thompson Machinery joined in Jones' Response [73] to State Farm's Motion for Interpleader Deposit [65]. Thompson Machinery raised no argument that State Farm should remain in the case for reasons related to its proposed crossclaim. The proposed crossclaim appears to be a simple breach of contract claim asserting that Thompson Machinery is entitled to the insurance proceeds as an additional insured. In other words, it bolsters the Court's finding that the interpleader requirements are satisfied, as these two parties dispute the proper allocation of the single fund at issue.